**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF TEXAS**

**TYLER DIVISION**

| | | |
|---|---|---|
| **CYPRESS LAKE SOFTWARE, INC.** | § | |
| | § | |
| ***Plaintiff*,** | § | **Civil Action No. 6:16-cv-1250** |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **LG ELECTRONICS U.S.A., INC.** | § | |
| | § | |
| ***Defendant*.** | § | |
| | § | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Cypress Lake Software, Inc. ("Cypress") files this complaint against LG Electronics U.S.A., Inc. ("LG" or "Defendant") alleging infringement of the following validly issued United States patents (the "Patents-in-Suit"):

1. U.S. Patent No. 8,781,299, titled "Methods, systems, and computer program products for coordinating playing of media streams" (the "'299 Patent");
2. U.S. Patent No. 8,661,361, titled "Methods, systems, and computer program products for navigating between visual components" (the "'361 Patent");
3. U.S. Patent No. 9,423,923, titled "Navigation methods, systems, and computer program products (the "'923 Patent");
4. U.S. Patent No. 9,423,938, titled "Methods, systems, and computer program products for navigating between visual components" (the "'938 Patent"); and
5. U.S. Patent No. 9,423,954, titled "Graphical user interface methods, systems, and computer program products" (the "'954 Patent").

## NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## PARTIES

2. Plaintiff Cypress Lake Software, Inc., is a Texas company with its principal place of business at 318 W. Dogwood Street, Woodville, TX 75979. Cypress is the owner and assignee of the Patents-in-Suit.

3. On information and belief, LG Electronics U.S.A., Inc. is a company organized and existing under the laws of Delaware, with a principal place of business at 920 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. LG Electronics U.S.A., Inc. may be served through its registered agent, United States Corporation Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## JURISDICTION AND VENUE

4. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

5. The Court has personal jurisdiction over Defendant for at least four reasons: (1) Defendant has committed acts of patent infringement and contributed to and induced acts of patent infringement by others in this District and elsewhere in Texas; (2) Defendant regularly does business or solicits business in this District and in Texas; (3) Defendant engages in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in this District and in Texas; and (4) Defendant has purposefully established substantial, systematic, and

continuous contacts with the District and should reasonably expect to be haled into court here.

6. Specifically, Defendant has partnered with numerous resellers and distributors to sell and offer for sale infringing products to consumers in this District and in Texas, both online and in stores (*see*, *e.g.*, Exhibits A & B); Defendant operates a website that solicits sales of infringing products by consumers in this District and Texas (*see* Exhibit C); Defendant offers telephonic and e-mail support services to customers in this District and Texas (*see* Exhibit D); Defendant offers software for download by customers in this District and Texas (*see* Exhibit E); and Defendant has a registered agent for service in Texas (*see* above). Given these extensive contacts, the Court's exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Defendant does business in the State of Texas, Defendant has committed acts of infringement in Texas and in the District, a substantial part of the events or omissions giving rise to Cypress's claims happened in the District, and Defendant is subject to personal jurisdiction in the District.

## THE ACCUSED PRODUCTS

8. Defendant designs, develops and/or manufactures computers and tablets that employ the Microsoft Windows 10 operating system, including, but not limited to, its Gram 13, Gram 14, Gram 15, and UltraWide Monitor All-in-One series of devices (collectively, the "Accused Products").

9. Windows 10 has two features that infringe the Patents-in-Suit: Miracast and Snap Assist. When implemented in connection with the Accused Products, Miracast infringes the '299 Patent and Snap Assist infringes the remaining Patents-in-Suit.

10. Miracast is a wireless display standard included in Windows 10 that allows a user to wirelessly project his or her computer screen to a second device such as a television, projector, or streaming media player. (*See*, *e.g.*, https://support.microsoft.com/en-ca/help/15053/windows-8-project-wireless-screen-miracast.)

11. Snap Assist is a Windows 10 feature that allows a user to drag a window to the left or right edge of the screen in order to resize it to half the screen—or to the corner to resize it to one-quarter of the screen—and then choose another window for the other half (or quarter) of the screen from a displayed menu of potential windows. (*See*, *e.g.*, https://blogs.windows.com/windowsexperience/2015/06/04/arrange-your-windows-in-a-snap/#OrBBCudRUWRMYFzj.97.)

12. Defendant has not sought or obtained a license for any of Cypress's patented technologies. Yet Defendant's Accused Products are using methods, devices, and systems taught by Cypress's Patents-in-Suit.

## COUNT 1:
## INFRINGEMENT OF U.S. PATENT NO. 8,781,299

13. Cypress incorporates by reference the allegations in paragraphs 1-12 above.

14. The '299 Patent is valid, enforceable, and was duly and legally issued on July 15, 2014.

15. Without a license or permission from Cypress, Defendant has infringed and continues to infringe on one or more claims of the '299 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and

devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. § 271.

16. Defendant has been and now is directly infringing by, among other things, practicing all of the steps of the ‘299 Patent and/or directing, controlling, and obtaining benefits from its partners, distributors and retailers practicing all of the steps of the ‘299 Patent. Specifically, Defendant imports the Accused Devices into the United States; has partnered with numerous resellers to offer for sale and sell the Accused Devices in the United States, in numerous stores and websites (*see*, *e.g*., Exhibits A, B & C); Defendant generates revenue from sales of the Accused Products to U.S. customers in said stores and via said websites (*see id*.); and has attended trade shows in the United States where it has demonstrated the Accused Products (*see*, *e.g*., Exhibit F).

17. Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the ‘299 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the ‘299 Patent. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the ‘299 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Cypress and is thus liable to Cypress for infringement of the ‘299 Patent under 35 U.S.C. § 271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. *See Dynacore Holdings Corp. v. U.S. Philips*

*Corp*., 363 F.3d 1263, 1272 (Fed. Cir. 2004). Defendant had knowledge of the ‘299 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the ‘299 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the ‘299 Patent under 35 U.S.C. § 271.

18. Defendant’s acts of infringement of the ‘299 Patent have caused damage to Cypress, and Cypress is entitled to recover from Defendant the damages sustained as a result of Defendant’s wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. Defendant’s infringement of Cypress’s exclusive rights under the ‘299 Patent will continue to damage Cypress, causing it irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

19. On information and belief, the infringement of the Patents-in-Suit by Defendant has been willful and continues to be willful. Defendant knew or should have known that its incorporation of the accused technology in its Accused Devices represented an objectively high likelihood of infringing the patents-in-suit. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). Defendant had knowledge of the Patents-in-Suit, including but not limited to filing and service of this Complaint.

20. On information and belief, Defendant has at least had constructive notice of the ‘299 Patent by operation of law.

**COUNT 2:**
**INFRINGEMENT OF U.S. PATENT NO. 8,661,361**

21. Cypress incorporates by reference the allegations in paragraphs 1-20 above.

22. The ‘361 Patent is valid, enforceable, and was duly and legally issued on February 25, 2014.

23. Without a license or permission from Cypress, Defendant has infringed and continues to infringe on one or more claims of the '361 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. § 271.

24. Defendant has been and now is directly infringing by, among other things, practicing all of the steps of the '361 Patent and/or directing, controlling, and obtaining benefits from its partners, distributors and retailers practicing all of the steps of the '361 Patent. Specifically, Defendant imports the Accused Devices into the United States; has partnered with numerous resellers to offer for sale and sell the Accused Devices in the United States, in numerous stores and websites (*see*, *e.g.*, Exhibits A, B & C); Defendant generates revenue from sales of the Accused Products to U.S. customers in said stores and via said websites (*see id.*); and has attended trade shows in the United States where it has demonstrated the Accused Products (*see*, *e.g.*, Exhibit F).

25. Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '361 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '361 Patent. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the '361 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Cypress and is thus liable to

Cypress for infringement of the '361 Patent under 35 U.S.C. § 271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004). Defendant had knowledge of the '361 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '361 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '361 Patent under 35 U.S.C. § 271.

26. Defendant's acts of infringement of the '361 Patent have caused damage to Cypress, and Cypress is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. Defendant's infringement of Cypress's exclusive rights under the '361 Patent will continue to damage Cypress, causing it irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

27. On information and belief, the infringement of the Patents-in-Suit by Defendant has been willful and continues to be willful. Defendant knew or should have known that its incorporation of the accused technology in its Accused Devices represented an objectively high likelihood of infringing the patents-in-suit. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). Defendant had knowledge of the Patents-in-Suit, including but not limited to filing and service of this Complaint.

28. On information and belief, Defendant has at least had constructive notice of the '361 Patent by operation of law.

**COUNT 3:**
**INFRINGEMENT OF U.S. PATENT NO. 9,423,923**

29. Cypress incorporates by reference the allegations in paragraphs 1-28 above.

30. The ‘923 Patent is valid, enforceable, and was duly and legally issued on August 23, 2016.

31. Without a license or permission from Cypress, Defendant has infringed and continues to infringe on one or more claims of the ‘923 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. § 271.

32. Defendant has been and now is directly infringing by, among other things, practicing all of the steps of the ‘923 Patent and/or directing, controlling, and obtaining benefits from its partners, distributors and retailers practicing all of the steps of the ‘923 Patent. Specifically, Defendant imports the Accused Devices into the United States; has partnered with numerous resellers to offer for sale and sell the Accused Devices in the United States, in numerous stores and websites (see, e.g., Exhibits A, B & C); Defendant generates revenue from sales of the Accused Products to U.S. customers in said stores and via said websites (*see id.*); and has attended trade shows in the United States where it has demonstrated the Accused Products (*see*, *e.g.*, Exhibit F).

33. Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the ‘923 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one

or more claims of the ‘923 Patent. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the ‘923 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Cypress and is thus liable to Cypress for infringement of the ‘923 Patent under 35 U.S.C. § 271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004). Defendant had knowledge of the ‘923 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the ‘923 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the ‘923 Patent under 35 U.S.C. § 271.

34. Defendant’s acts of infringement of the ‘923 Patent have caused damage to Cypress, and Cypress is entitled to recover from Defendant the damages sustained as a result of Defendant’s wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. Defendant’s infringement of Cypress’s exclusive rights under the ‘923 Patent will continue to damage Cypress, causing it irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

35. On information and belief, the infringement of the Patents-in-Suit by Defendant has been willful and continues to be willful. Defendant knew or should have known that its incorporation of the accused technology in its Accused Devices represented an objectively high likelihood of infringing the patents-in-suit. *See In re Seagate Tech., LLC*,

497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). Defendant had knowledge of the Patents-in-Suit, including but not limited to filing and service of this Complaint.

36. On information and belief, Defendant has at least had constructive notice of the ‘923 Patent by operation of law.

**COUNT 4:**
**INFRINGEMENT OF U.S. PATENT NO. 9,423,938**

37. Cypress incorporates by reference the allegations in paragraphs 1-36 above.

38. The ‘938 Patent is valid, enforceable, and was duly and legally issued on August 23, 2016.

39. Without a license or permission from Cypress, Defendant has infringed and continues to infringe on one or more claims of the ‘938 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. § 271.

40. Defendant has been and now is directly infringing by, among other things, practicing all of the steps of the ‘938 Patent and/or directing, controlling, and obtaining benefits from its partners, distributors and retailers practicing all of the steps of the ‘938 Patent. Specifically, Defendant imports the Accused Devices into the United States; has partnered with numerous resellers to offer for sale and sell the Accused Devices in the United States, in numerous stores and websites (*see*, *e.g*., Exhibits A, B & C); Defendant generates revenue from sales of the Accused Products to U.S. customers in said stores and via said websites (*see id*.); and has attended trade shows in the United States where it has demonstrated the Accused Products (*see*, *e.g*., Exhibit F).

41. Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '938 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '938 Patent. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the '938 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Cypress and is thus liable to Cypress for infringement of the '938 Patent under 35 U.S.C. § 271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004). Defendant had knowledge of the '938 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '938 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '938 Patent under 35 U.S.C. § 271.

42. Defendant's acts of infringement of the '938 Patent have caused damage to Cypress, and Cypress is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. Defendant's infringement of Cypress's exclusive rights under the '938 Patent will continue to damage Cypress, causing it irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

43. On information and belief, the infringement of the Patents-in-Suit by Defendant has been willful and continues to be willful. Defendant knew or should have known that its incorporation of the accused technology in its Accused Devices represented an objectively high likelihood of infringing the patents-in-suit. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). Defendant had knowledge of the Patents-in-Suit, including but not limited to filing and service of this Complaint.

44. On information and belief, Defendant has at least had constructive notice of the ‘938 Patent by operation of law.

**COUNT 5:**
**INFRINGEMENT OF U.S. PATENT NO. 9,423,954**

45. Cypress incorporates by reference the allegations in paragraphs 1-44 above.

46. The ‘954 Patent is valid, enforceable, and was duly and legally issued on August 23, 2016.

47. Without a license or permission from Cypress, Defendant has infringed and continues to infringe on one or more claims of the ‘954 Patent—directly, contributorily, or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. § 271.

48. Defendant has been and now is directly infringing by, among other things, practicing all of the steps of the ‘954 Patent and/or directing, controlling, and obtaining benefits from its partners, distributors and retailers practicing all of the steps of the ‘954 Patent. Specifically, Defendant imports the Accused Devices into the United States; has partnered with numerous resellers to offer for sale and sell the Accused Devices in the United States, in numerous stores and websites (*see*, *e.g*., Exhibits A, B & C); Defendant

generates revenue from sales of the Accused Products to U.S. customers in said stores and via said websites (*see id*.); and has attended trade shows in the United States where it has demonstrated the Accused Products (*see*, *e.g*., Exhibit F).

49. Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '954 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products for use in systems that fall within the scope of one or more claims of the '954 Patent. Such products include, without limitation, one or more of the Accused Products. Such products have no substantial non-infringing uses and are for use in systems that infringe the '954 Patent. By making, using, importing offering for sale, and/or selling such products, Defendant injured Cypress and is thus liable to Cypress for infringement of the '954 Patent under 35 U.S.C. § 271. Those whom Defendant induces to infringe and/or to whose infringement Defendant contributes are the end users of the Accused Products. *See Dynacore Holdings Corp. v. U.S. Philips Corp*., 363 F.3d 1263, 1272 (Fed. Cir. 2004). Defendant had knowledge of the '954 Patent at least as early as the service of this complaint and is thus liable for infringement of one or more claims of the '954 Patent by actively inducing infringement and/or is liable as contributory infringer of one or more claims of the '954 Patent under 35 U.S.C. § 271.

50. Defendant's acts of infringement of the '954 Patent have caused damage to Cypress, and Cypress is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to

35 U.S.C. § 271. Defendant's infringement of Cypress's exclusive rights under the '954 Patent will continue to damage Cypress, causing it irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

51. On information and belief, the infringement of the Patents-in-Suit by Defendant has been willful and continues to be willful. Defendant knew or should have known that its incorporation of the accused technology in its Accused Devices represented an objectively high likelihood of infringing the patents-in-suit. *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). Defendant had knowledge of the Patents-in-Suit, including but not limited to filing and service of this Complaint.

52. On information and belief, Defendant has at least had constructive notice of the '954 Patent by operation of law.

## REQUEST FOR RELIEF

Cypress incorporates each of the allegations in paragraphs 1 through 52 above and respectfully asks the Court to:

(a) enter a judgment that Defendant has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of each of the Patents-in-Suit;

(b) enter a judgment awarding Cypress all damages adequate to compensate it for Defendant's infringement of, direct or contributory, or inducement to infringe, the Patents-in-Suit, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(c) enter a judgment awarding treble damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of one or more of the Patents-in-Suit;

(d) issue a preliminary injunction and thereafter a permanent injunction enjoining and restraining Defendant, its directors, officers, agents, servants, employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors, and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the Patents-in-Suit;

(e) enter a judgment requiring Defendant to pay the costs of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. § 285, together with prejudgment interest; and

(f) award Cypress all other relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Cypress demands a jury trial on all issues that may be determined by a jury.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
Texas Bar No. 24038912
rgarteiser@ghiplaw.com
Christopher A. Honea
Texas Bar No. 24059967
chonea@ghiplaw.com
**GARTEISER HONEA, P.C.**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420
Facsimile: (888) 908-4400

Kirk J. Anderson
California Bar No. 289043
kanderson@ghiplaw.com

Ian Ramage
California Bar No. 224881
iramage@ghiplaw.com
**GARTEISER HONEA, P.C.**
44 North San Pedro Road
San Rafael, California 94903
Telephone: (415) 785-3762
Facsimile: (415) 785-3805

***Counsel for Cypress Lake Software, Inc.***