**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| CYPRESS LAKE SOFTWARE, INC.<br><br>*Plaintiff*,<br><br>v.<br><br>LG ELECTRONICS U.S.A., INC.,<br><br>*Defendant*. | **No. 6:16-cv-01250-RWS**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT LG ELECTRONICS U.S.A., INC.'S**
**ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

In response to Plaintiff Cypress Lake Software, Inc.'s ("Cypress Lake's") Complaint for Patent Infringement, filed October 28, 2016 ("Complaint"), LG Electronics U.S.A., Inc. ("LGEUS") submits this Answer. LGEUS's use of the titles and headings found in the Complaint is for the convenience of the parties and Court only and should not be construed to admit any allegations contained therein.

## ANSWER

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

LGEUS admits that Plaintiff filed its Complaint against LG Electronics U.S.A., Inc. alleging infringement of U.S. Patents Nos. 8,781,299 ("the '299 Patent"), 8,661,361 ("the '361 Patent"), 9,423,923 ("the '923 Patent"), 9,423,938 ("the '938 Patent"), and 9,423,954 ("the '954 Patent") (collectively, "Asserted Patents"). LGEUS admits that the '299 Patent is entitled "Methods, systems, and computer program products for coordinating playing of media streams."

LGEUS admits that the ’361 Patent is entitled “Methods, systems, and computer program products for navigating between visual components.” LGEUS admits that the ’923 Patent is entitled “Navigation methods, systems, and computer program products.” LGEUS admits that the ’938 Patent is entitled “Methods, systems, and computer program products for navigating between visual components.” LGEUS admits that the ’954 Patent is entitled “Graphical user interface methods, systems, and computer program products.” LGEUS denies that any of the Asserted Patents were validly or duly issued because the Asserted Patents are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112. LGEUS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Section of the Complaint, and therefore denies the same.

## NATURE OF THE SUIT

1. LGEUS admits that Cypress Lake’s Complaint purports to assert claims of patent infringement arising under the patent law of the United States, Title 35 of the United States Code, but LGEUS denies that it has infringed any claim of any of the Asserted Patents, directly, indirectly, or jointly. LGEUS is without knowledge or information sufficient to form a belief about the truth of any remaining allegations of Paragraph 1, and therefore denies them.

## PARTIES

2. LGEUS lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 2 of the Complaint, and therefore denies the same.

3. LGEUS admits that it is a company organized and existing under the laws of Delaware, and that it may be served through its registered agent. LGEUS denies the remaining allegations in Paragraph 3.

**JURISDICTION AND VENUE**

4. The allegations of Paragraph 4 contain legal conclusions to which no response is required. To the extent a response is required, LGEUS admits that Cypress Lake's Complaint purports to set forth an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. LGEUS admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) over actions arising under the patent laws of the United States. To the extent any further response is required, LGEUS denies all remaining allegations of this paragraph.

5. The allegations of Paragraph 5 contain legal conclusions to which no response is required. To the extent a response is required, LGEUS admits that this Court has personal jurisdiction over LGEUS with respect to this action and denies all remaining allegations in Paragraph 5.

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, LGEUS admits that this Court has personal jurisdiction over LGEUS with respect to this action. LGEUS admits that LG-branded products are sold to consumers nationwide. LGEUS admits that it operates a website and that said website offers certain software for download to customers nationwide. LGEUS admits that it has a registered agent for service in Texas. LGEUS denies all remaining allegations in Paragraph 6.

7. LGEUS denies that this district is the appropriate forum for Cypress Lake's claims and reserves its rights to seek that the claims be transferred to a more convenient district pursuant to 28 U.S.C. § 1404 or otherwise. LGEUS further denies that venue is proper under 28 U.S.C. §§ 1391(b)-(c) and 1400(b). LGEUS reserves its rights to seek dismissal or transfer of the action on the grounds of improper venue under §§ 1391(b)-(c) and 1400(b), particularly in

light of the Supreme Court's impending review of *In re TC Heartland LLC*, 821 F.3d 1338 (Fed. Cir. 2016), *cert. granted*, *TC Heartland LLC v. Kraft Food Brands Grp. LLC*, --- S. Ct. ---, 2016 WL 4944616 (Dec. 14, 2016). LGEUS denies all remaining allegations of Paragraph 7.

**THE ACCUSED PRODUCTS**

8. LGEUS denies that it designs, develops, and/or manufactures computers and tablets that operate with the Microsoft Windows 10 operating system, including products identified in Plaintiff's Complaint (collectively, the "Accused Products"). LGEUS further denies that any Accused Product infringes any claim of any of the Asserted Patents. LGEUS denies the remaining allegations of Paragraph 8.

9. LGEUS admits that Windows 10 has features known as Snap Assist and Miracast. LGEUS denies that any Accused Product, Miracast, Snap Assist, or any other Windows 10 feature infringes any claim of any of the Asserted Patents. LGEUS denies the remaining allegations of Paragraph 9.

10. LGEUS admits that Miracast is a feature in Microsoft Windows 10 that allows a user to wirelessly project his or her computer screen to a second device. LGEUS denies that any Accused Product, Miracast, or any other Windows 10 feature infringes any claim of any of the Asserted Patents. LGEUS denies the remaining allegations of Paragraph 10.

11. LGEUS admits that Snap Assist is a Windows 10 feature that allows a user to resize an open window by moving it to certain positions on the screen. LGEUS denies that any Accused Product, or Snap Assist, or any other Windows 10 feature infringes any claim of any of the Asserted Patents. LGEUS denies the remaining allegations of Paragraph 11.

12. LGEUS admits that it has not sought or obtained a license from Cypress Lake. LGEUS denies that the Accused Products or Windows 10 infringe any claim of any Asserted

Patent in any way. LGEUS denies the remaining allegations of Paragraph 12.

**COUNT 1: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,781,299**

13. LGEUS restates and incorporates by reference Paragraphs 1 through 12 of its Answer as if fully set forth herein.

14. LGEUS denies that the ’299 Patent is valid or enforceable, or that it was “duly and legally” issued, because the ’299 Patent claims are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112. LGEUS admits that the ’299 Patent lists an issue date of July 15, 2014 on its face.

15. Denied.

16. Denied.

17. LGEUS admits that it gained knowledge of the ’299 Patent as a result of the service of the Complaint in this action. LGEUS denies the remaining allegations in Paragraph 17.

18. Denied.

19. LGEUS admits that it gained knowledge of the ’299 Patent as a result of the service of the Complaint in this action. To the extent Paragraph 19 contains further allegations, LGEUS denies them.

20. Paragraph 20 contains no factual allegations to which LGEUS can respond. To the extent it contains factual allegations, LGEUS is without information sufficient to form a belief as to the truth thereof, and therefore denies them.

**COUNT 2: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,661,361**

21. LGEUS restates and incorporates by reference Paragraphs 1 through 20 of its Answer as if fully stated herein.

22. LGEUS denies that the ’361 Patent is valid or enforceable, or that it was “duly and legally” issued, because the ’361 Patent claims are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112. LGEUS admits that the ’361 Patent lists an issue date of February 25, 2014 on its face.

23. Denied.

24. Denied.

25. LGEUS admits that it gained knowledge of the ’361 Patent as a result of the service of the Complaint in this action. LGEUS denies the remaining allegations in Paragraph 25.

26. Denied.

27. LGEUS admits that it gained knowledge of the ’361 Patent as a result of the service of the Complaint in this action. LGEUS denies the remaining allegations in Paragraph 27.

28. Paragraph 28 contains no factual allegations to which LGEUS can respond. To the extent it contains factual allegations, LGEUS is without information sufficient to form a belief as to the truth thereof, and therefore denies them.

**COUNT 3: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,423,923**

29. LGEUS restates and incorporates by reference Paragraphs 1 through 30 of its Answer as if fully set forth herein.

30. LGEUS denies that the ’923 Patent is valid or enforceable, or that it was “duly and legally” issued, because the ’923 Patent claims are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112. LGEUS admits that the ’923 Patent lists an issue date of August 23,2016 on its face.

31. Denied.

32. Denied.

33. LGEUS admits that it gained knowledge of the ’923 Patent as a result of the service of the Complaint in this action. LGEUS denies the remaining allegations in Paragraph 33.

34. Denied.

35. LGEUS admits that it gained knowledge of the ’923 Patent as a result of the service of the Complaint in this action. LGEUS denies the remaining allegations in Paragraph 35.

36. Paragraph 36 contains no factual allegations to which LGEUS can respond. To the extent it contains factual allegations, LGEUS is without information sufficient to form a belief as to the truth thereof, and therefore denies them.

**COUNT 4: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,423,938**

37. LGEUS restates and incorporates by reference Paragraphs 1 through 36 of its Answer as if fully set forth herein.

38. LGEUS denies that the ’938 Patent is valid or enforceable, or that it was “duly and legally” issued, because the ’938 Patent claims are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112. LGEUS admits that the ’938 Patent lists an issue date of August 23, 2016 on its face.

39. Denied.

40. Denied.

41. LGEUS admits that it gained knowledge of the ’938 Patent as a result of the service of the Complaint in this action. LGEUS denies the remaining allegations in Paragraph

41.

42. Denied.

43. LGEUS admits that it gained knowledge of the ’938 Patent as a result of the service of the Complaint in this action. LGEUS denies the remaining allegations in Paragraph 43.

44. Paragraph 44 contains no factual allegations to which LGEUS can respond. To the extent it contains factual allegations, LGEUS is without information sufficient to form a belief as to the truth thereof, and therefore denies them.

**COUNT 5: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,423,954**

45. LGEUS restates and incorporates by reference Paragraphs 1 through 44 of its Answer as if fully set forth herein.

46. LGEUS denies that the ’954 Patent is valid or enforceable, or that it was “duly and legally” issued, because the ’954 Patent claims are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112. LGEUS admits that the ’954 Patent lists an issue date of August 23, 2016 on its face.

47. Denied.

48. Denied.

49. LGEUS admits that it gained knowledge of the ’954 Patent as a result of the service of the Complaint in this action. LGEUS denies the remaining allegations in Paragraph 49.

50. Denied.

51. LGEUS admits that it gained knowledge of the ’954 Patent as a result of the service of the Complaint in this action. LGEUS denies the remaining allegations in Paragraph

51.

52. Paragraph 52 contains no factual allegations to which LGEUS can respond. To the extent it contains factual allegations, LGEUS is without information sufficient to form a belief as to the truth thereof, and therefore denies them

**REQUEST FOR RELIEF**

LGEUS denies that Cypress Lake is entitled any relief in this action as requested in the Complaint or otherwise.

**DEMAND FOR JURY TRIAL**

To the extent not addressed above, LGEUS denies the factual allegations contained in the Amended Complaint. LGEUS admits that Cypress Lake demands a trial by jury.

**LG ELECTRONICS U.S.A. INC.'S AFFIRMATIVE DEFENSES**

LGEUS asserts the following defenses, without assuming the burden of proof when such burden would otherwise by on Cypress Lake. LGEUS reserves the right to amend its Answer and Defenses as additional information becomes available.

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

LGEUS has not infringed and is not infringing, literally or under the doctrine of equivalents, and either directly or indirectly, contributorily, or by inducement, any valid and enforceable claim of the '299, '361, '923, '938, or '954 Patents.

**Third Affirmative Defense**

One or more of the claims of each of the '299, '361, '923, '938, and '954 Patents are invalid for failing to meet one or more of the statutory requirements and/or conditions for

patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Fourth Affirmative Defense**

The relief sought by Cypress Lake is limited by 35 U.S.C. § 286.

**Fifth Affirmative Defense**

The relief sought by Cypress Lake may be limited by 35 U.S.C. § 287.

**Sixth Affirmative Defense**

On information and belief, the Asserted Patents cannot be enforced by Cypress Lake under the doctrine of prosecution history estoppel, and Cypress Lake is estopped from claiming that the Asserted Patents cover the accused technologies or their use.

**Seventh Affirmative Defense**

Cypress Lake is barred from recovering costs pursuant to 35 U.S.C. § 288.

**Eighth Affirmative Defense**

LGEUS has engaged in all relevant activities in good faith, thereby precluding Cypress Lake, even if it prevails, from recovering its reasonable attorneys and/or costs under 35 U.S.C. § 285 or enhanced damages under 35 U.S.C. § 284.

**Ninth Affirmative Defense**

Cypress Lake is not entitled to an injunction because Cypress Lake has an adequate remedy at law and no basis exists for the grant of equitable relief.

**Tenth Affirmative Defense**

Venue is improper in the Eastern District of Texas under 28 U.S.C. § 1400(b) as properly construed.

**RESERVATION OF ADDITIONAL DEFENSES**

Discovery in this action has not yet commenced, and LGEUS continues to investigate the

allegations set forth in the Complaint. LGEUS specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or discovery proceedings in this case, and hereby reserves the right to assert such additional defenses as the appropriate time.

**JURY DEMAND**

LGEUS demands a trial by jury on all issues so triable.

Dated: February 2, 2017

Respectfully submitted,

/s/ *Melissa R. Smith*

Melissa R. Smith
State Bar No. 24001351
*melissa@gillamsmithlaw.com*
Gillam & Smith
303 South Washington Avenue
Marshall, TX 75670
Tel: 903.934.8450
Fax: 903.934.9257

*Attorney for Defendant*
*LG Electronics U.S.A. Inc.*

**CERTIFICATE OF SERVICE**

I certify that all counsel of record who are deemed to have consented to electronic service are being served this February 2, 2017 with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail.

/s/ *Melissa R. Smith*
Melissa R. Smith